# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Clarksburg

**STEVEN LAMONTE STANLEY,**

   Petitioner,

v.               **Civil Action No.: 1:19-CV-152**
                  Judge Bailey

**Mr. R. HUDGINS, Warden**,

   Respondent.

## ROSEBORO ORDER TO PETITIONER

The respondent has filed a Motion to Dismiss/Summary Judgment in response to your habeas petition pursuant to 28 U.S.C. § 2241. Because you are not represented by counsel, this "Roseboro Order" is issued to advise you of the dismissal/summary judgment procedures and the possible consequences if you fail to respond adequately to the respondent's motion.

**You have 21 days from the date of this order to file any material in opposition to the motion that the respondent filed. If you fail to respond adequately, the court may grant the respondent's motion, which may end your case.**

Pursuant to LR PL P 11(b), your response shall not exceed **25 pages**. The respondent's reply, if any, will be filed within 14 days of the docketing of your response and will not exceed 15 pages. LR PL P 11(c).

### Explanation of Motions to Dismiss

Motions to dismiss can be filed pursuant to Fed. R. Civ. P. 12. Many motions to dismiss are filed under Fed. R. Civ. P. 12(b)(6), in which the respondent usually argues that the law does not provide a right to relief for claims that a petitioner makes in his case. Because motions to dismiss usually concern questions of law and not questions of fact, the Court presumes as true the plausible facts of the petition for the purpose of a motion to dismiss.

The court decides a motion to dismiss on the basis of the applicable law and pleadings, meaning the petition, the respondent's answer (if any), the exhibits attached to the petition, documents that the petitioner incorporates by reference (provided they are both undisputed in pertinent to the pleaded claims), and materials of which the Court may take judicial notice. In some cases, the parties present materials outside of the pleadings,

such as affidavits or declarations in support of or in opposition to the motion to dismiss. If the Court, in its discretion, considers materials outside the pleadings, the motion to dismiss is converted to a motion for summary judgment under Fed. R. Civ. P 56. See Fed. R. Civ. P. 12(d).

### Explanation of Motions for Summary Judgment

Motions for summary judgment filed by respondents pursuant to Fed. R. Civ. P. 56, and returns in support of such motions, argue that the petitioner's claims are not supported by the specific facts of the case. Because motions for summary judgment concern both questions of law and questions of fact, if the court finds that there is not any genuine dispute as to any material fact on a claim, the Court will determine which party is entitled to judgment under the law. The court decides a motion for summary judgment on the basis of the applicable law, the pleadings, affidavits, declarations, and any other properly-submitted evidence.

### Your Response to the Respondent's Motion/Response

Your filing in opposition to the respondent's Motion should include the following: (1) an explanation of your version of the facts, if different from respondent's version of the facts; and (2) your legal argument regarding why the court should not grant the motion and end your case. Rule 56(c) requires that you support your version of all disputed facts with materials such as depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. Your failure to support facts in dispute with such material may result in the court granting the motion. Any affidavits or declarations you file in opposition to summary judgment must be based on personal knowledge, contain facts admissible in evidence, and be signed by a person who would be competent to testify on matters contained in the affidavit or declaration if called to testify about them at trial. The Court will not consider affidavits, declarations, or exhibits that are unrelated to this case or affidavits or declarations that contain only conclusory statements or arguments of fact or law. If you fail to dispute the respondent's version of the facts with proper support of your own version, the court may consider the respondent's facts as undisputed.

All affidavits, declarations, or other evidence you submit to the Court must be made in good faith and the facts sworn to in the affidavit or affirmed in the declaration must be true. All affidavits and declarations submitted in this case are submitted under penalties of perjury or subornation of perjury. 18 U.S.C. §§ 1621 and 1622. If the court finds that a party has presented affidavits, declarations, or other evidence in bad faith or only to delay the action, the court may order sanctions, payment of fees, or hold that party in contempt of court.

**IT IS SO ORDERED**.

The Clerk of the Court is directed to mail a copy of this Order to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to all counsel of record via electronic means.

DATED: January 25, 2022

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE